Domingo Santiago NUÑEZ PEÑA, aka Domingo S. Nuñez, aka Domingo Nuñez, aka Mingo Nuñez, aka Domingo Santiago Muñez, aka Domingo S. Muñez, aka Domingo Santiago Nuñez, Petitioner,

v.

Loretta E. LYNCH, United States Attorney General, Respondent.

No. 15–27–ag.

United States Court of Appeals, Second Circuit.

Argued: May 13, 2016.

Decided: May 20, 2016.

Matthew K. Borowski, Law Office of Matthew Borowski, Buffalo, NY, for Petitioner.

Sara J. Bayram, Trial Attorney (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and Leslie McKay, Assistant Director, Office of Immigration Litigation, on the brief), U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: CABRANES, STRAUB, and LOHIER, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

Petitioner Domingo Santiago Nuñez Peña ("Nuñez Peña"), a native and citizen of the Dominican Republic, seeks review of a December 16, 2014 decision of the Board of Immigration Appeals ("BIA") affirming a September 2, 2014 decision of an Immigration Judge ("IJ") denying his applications for a waiver of deportation under former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c) (repealed 1996), and cancellation of removal under current INA § 240A(a), 8 U.S.C. § 1229b(a). *See In re Domingo Santiago Nuñez Peña*, No. A014 818 653 (BIA Dec. 16, 2014), *aff'g* No. A014 818 653 (Immig.Ct.Buffalo Sept. 2, 2014). Nuñez Peña was ordered removed on the basis of three aggravated-felony convictions dating from 1991 and four controlled-substance convictions dating from 1997, 1999, and 2011; our review is therefore limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D). Nuñez Peña's submission raises questions of law, *see Centurion v. Holder*, 755 F.3d 115, 118 (2d Cir.2014); *Richmond v. Holder*, 714 F.3d 725, 728 (2d Cir.2013), but we resolve none of them in his favor.

To avoid removal, Nuñez Peña requires two forms of relief. As of 1991, when he was convicted of three aggravated felonies, "the Attorney General was authorized to grant discretionary relief from exclusion or deportation under former § 212(c) of the INA." *Peralta–Taveras*, 488 F.3d at 583. With the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), § 212(c) was repealed and effectively replaced with § 240A(a), which empowers the Attorney General to "cancel removal . . . of an alien who is inadmissible or deportable . . . if the alien" has (1) been "lawfully admitted for permanent residence for not less than 5 years," (2) "resided in the United States continuously for 7 years after having been admitted in any status," and (3) never "been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).

Under *INS v. St. Cyr*, a case decided on the basis of the presumption against retroactivity, Nuñez Peña remains eligible for § 212(c) relief with respect to his 1991 convictions to the extent that such relief was available to him at the time he entered his guilty pleas. *See* 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). But Nuñez Peña's 1997, 1999, and 2011 convictions occurred after the enactment of IIRIRA; as a result, relief from the consequences of those convictions must be had, if at all, under § 240A(a). *See Peralta–Taveras*, 488 F.3d at 583. Accordingly, Nuñez Peña may avoid removal only by demonstrating that he is entitled to relief under both § 212(c) and § 240A(a).

As is made clear in our decision in *Peralta–Taveras*, two independent barriers stand in his way. First, "[t]he text of § 240A(a) is clear and unambiguous—cancellation of removal is not available to

aliens who have been convicted of an aggravated felony." *Id.* at 584. This bar would prevent Nuñez Peña from securing cancellation of removal even if he were to obtain a § 212(c) waiver, because the granting of such a waiver "does not expunge the underlying offense or its categorization as an aggravated felony." *Id.* Second, "Section 240A(c)(6) [of the INA] expressly precludes cancellation of removal for aliens who have previously received relief under § 212(c)," a prohibition that applies "whether or not the applications [under each provision] are simultaneous." *Id.* at 585. On two fronts, then, Nuñez Peña's petition fails under our case law.

Recognizing as much, Nuñez Peña argues that *Peralta–Taveras* did not survive the Supreme Court's 2012 decision in *Vartelas.* *Vartelas,* like *St. Cyr,* was a retroactivity case. It concerned a petitioner who had, prior to the enactment of IIRIRA, pleaded guilty to a counterfeiting offense. *See Vartelas,* 132 S.Ct. at 1485. Before IIRIRA, this conviction did not affect the petitioner's ability to make a brief trip outside the United States, because—under the Supreme Court's decision in *Rosenberg v. Fleuti,* 374 U.S. 449, 461–62, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963)—a lawful permanent resident's return from such a trip did not qualify as "entry" into this country. *See Vartelas,* 132 S.Ct. at 1484. But IIRIRA superseded *Fleuti* by subjecting one returning from a jaunt abroad to "admission" procedures and, with them, potential removal from the United States on the ground of inadmissibility. *See id.* at 1484–85. In *Vartelas,* the Court concluded that, if applied to the petitioner, IIRIRA's "admission" provision—by attaching a new disability, in the form of an effective bar on foreign travel,

to his pre-IIRIRA conviction—would operate with retroactive effect. *See id.* at 1486–88. Congress having failed to make clear that it desired retroactive application of the provision in question, the Court held that it applied only prospectively. *See id.* at 1491–92.

Relying on *Vartelas,* Nuñez Peña argues that § 240A(a)'s bar on eligibility for aggravated felons would operate retroactively if applied to preclude cancellation of removal for a person (like him) convicted of an aggravated felony prior to IIRIRA's enactment. We are not convinced.

Nuñez Peña's attempt to liken his post-IIRIRA convictions to the post-IIRIRA conduct at issue in *Vartelas* (i.e., taking a short trip outside the United States) falls flat. In determining that IIRIRA imposed a "new disability" on old conduct through its "effective[ ] ... ban on travel outside the United States," the *Vartelas* Court emphasized that the "[l]oss of the ability to travel abroad is ... a harsh penalty." *Id.* at 1487–88. Nuñez Peña—who never enjoyed, in the sense relevant here, the "ability" to violate controlled-substance law-lost nothing comparable when IIRIRA was enacted.

Of course, one might characterize Nuñez Peña's "new disability" slightly differently: not as the loss of the ability to violate the law, but as the loss of the ability to violate the law without forfeiting his eligibility for discretionary relief from removal. But *Vartelas* has an answer for that argument, too. The *Vartelas* Court explicitly distinguished from the provision before it laws that "do not operate retroactively" because "they address dangers that arise postenactment."[1] *Id.* at 1489 n. 7. It offered as an example of such a law one that prohib-

---

1. The petitioner's offense, the Court observed, did not answer to that description: "The act of flying to Greece ... does not render a

lawful permanent resident like Vartelas hazardous." *Vartelas,* 132 S.Ct. at 1489 n. 7.

its convicted felons from possessing firearms. *See id.* at 1489. The provision of which Nuñez Peña complains operates in the same fashion as a felon-in-possession statute applied to a person convicted of a felony before the statute's passage: it takes account of pre-enactment conduct but aims principally at post-enactment danger.

■ We therefore conclude that *Vartelas* did nothing to unsettle our decision in *Peralta–Taveras*—which, we pause to note, was neither blind to nor silent on the question of retroactivity. We observed in that case that the inquiry into whether a statute operates with retroactive effect "should be informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations," and that "[a]t the time of [the petitioner's] 1997 guilty plea for attempted marijuana possession—a controlled substance offense subjecting him to removal . . .—[he] was on notice that his prior [aggravated-felony] convictions would preclude him from seeking § 240A relief if convicted of another removable offense." *Peralta–Taveras*, 488 F.3d at 584 n. 2 (internal quotation marks omitted). Those observations are as sound now as they were before *Vartelas*. Accordingly, Nuñez Peña—who, like the petitioner in *Peralta–Taveras*, was on notice "[a]t the time of [his controlled-substance convictions] . . . that his prior [aggravated-felony] convictions would preclude him from seeking § 240A relief if convicted of another removable offense," *see id.*—is not entitled to the relief he seeks.

## CONCLUSION

In sum, the Supreme Court's decision in *Vartelas* does not cast doubt on our decision in *Peralta–Taveras*, and the rule of *Peralta–Taveras* precludes relief in this case. The petition for review is accordingly **DENIED**.